USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

N.S., *by and through her parent and natural guardian*, KATHERINE JEFFREY,

                          Plaintiff,

            -against-

NEW YORK CITY DEPARTMENT OF EDUCATION and MELISSA AVILES-RAMOS, in her official capacity as Chancellor of the New York City Department of Education,

                          Defendants.

---

**INFANT COMPROMISE ORDER**

1:25-cv-00649 (MKV) (SN)

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of the parties' proposed infant compromise order and stipulation of settlement.  [ECF Nos. 42-43].  The Court is also in receipt of the declarations submitted by Plaintiff and her counsel, respectively.  [ECF Nos. 40-41].

Local Civil Rule 83.2(a)(1) requires parties to obtain court approval before settling an action on behalf of a minor child.  In determining whether an infant compromise should be approved, the reviewing court "must conform, as much as possible, to the New York State statues and rules, but the court, for cause shown, may dispense with any New York State requirement."  Local Civil R. 83.2(a)(1).  New York C.P.L.R. Rule 1208 governs the settlement procedures for an infant's claim.  In accordance with the applicable New York statutes and rules, courts in this jurisdiction focus on "whether (1) the proposed settlement is in the infant's best interests; and (2) the proposed attorney's fees and costs are reasonable."  *D.J. ex rel. Roberts v. City of New York*, 11-cv-5458, 2012 WL 5431034, at *2 (S.D.N.Y. Oct. 16, 2012), *report and recommendation adopted sub nom., Roberts v. City of New York*, 2012 WL 5429521 (S.D.N.Y. Nov. 7, 2012)

1

(citing Local Civil R. 83.2(a); N.Y. Jud. Law § 474; N.Y. C.P.L.R. §§ 1205–1208).  "There is a strong presumption that a settlement is fair and reasonable where '(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii) there has been sufficient discovery to enable counsel to act intelligently.'"  *Campbell v. City of New York*, 15-cv-2088, 2015 WL 7019831, at *2 (S.D.N.Y. Nov. 10, 2015) (quoting *Orlandi ex rel. Colon v. Navistar Leasing Co.*, 09-cv-4855, 2011 WL 3874870, at *2 (S.D.N.Y. Sept. 2, 2011)).

Having carefully reviewed all of the documents submitted by the parties and all past papers and proceedings, the Court finds that the proposed settlement is in the best interest of infant N.S. and that the attorneys' fees are reasonable given counsel is waiving its right to seek attorneys' fees and costs such that N.S. will be awarded the full settlement amount.  In addition, there is no indication the settlement is the result of collusion.  Indeed, the Court is confident negotiations were conducted by experienced counsel at arms-length and notes that the settlement was achieved under the direct supervision of the presiding magistrate judge.

Accordingly, Plaintiff and Defendants having agreed to the settlement of Plaintiff's claims for the sum of one-hundred thousand dollars ($100,000), and it appearing that the best interests of N.S. (who is a minor) will be served by said settlement; and

It appearing that all necessary prerequisites of Local Civil Rule 83.2 and C.P.L.R. Rule 1208 have been met, and for good cause having been shown, dispensing with any other requirements of New York State law,

**NOW**, on application of Evan Parness, a partner with Covington & Burling, LLP and attorney of record for the plaintiff, it is hereby

2

**ORDERED**, that Katherine Jeffery, as mother and natural guardian of N.S., is authorized to settle and compromise the claims herein against Defendants in favor of N.S. for the sum of one- hundred thousand dollars ($100,000), and to enter into a settlement agreement and execute all papers necessary to effect such compromise, and it is further,

**ORDERED**, that the settlement shall be deposited into an interest-bearing custodial account opened by Katherine Jeffery for N.S.'s benefit at an F.D.I.C.-insured bank; and it is further

**ORDERED**, that all claims concerning N.S. against Defendants are resolved by this settlement.

**SO ORDERED.**

Date: October 17, 2025
New York, New York

Mary Kay Vyskocil
United States District Judge